Rachael D. Lamkin
LAMKIN IP DEFENSE
One Harbor Drive
Sausalito, CA 94965
916.747.6091
RDL@LamkinIPDefense.com

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BATIA INFOTECH, | Case No.: |
| Plaintiff, | |
| vs. | **BATIA INFOTECH'S COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY** |
| DISINTERMEDIATION SERVICES, INC. | |
| Defendant | |

## BATIA INFOTECH'S COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY

Declaratory Judgment Plaintiff Batia Infotech ("Batia") respectfully files this Complaint against Defendant Disintermediation Services, Inc. ("DIS") seeking declaratory judgment of non-infringement and invalidity, and alleging:

**NATURE OF THE ACTION**

1.      Batia brings this action for a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202, to protect Batia from meritless allegations of infringement and venue gamesmanship.

2.      On December 1, 2022, DIS filed a complaint in the Western District of Texas against Batia, alleging infringement of four patents, 11,240,183 ("the '183 Patent"); Patent No. 11,336,597 ("the '597 Patent"); Patent No. 11,349,787 ("the '787 Patent"); and Patent No. 11,418,466 ("the '466 Patent") (collectively the "Patents-In-Suit").  The Patents-in-Suit are attached as Exhibits 1-4, respectively.

3.      DIS did not properly serve Batia. Batia waived service, making its answer due on March 27, 2023.

4.      On March 2, 2023, Batia sent DIS a letter, explaining that (i) venue was not proper in WDTX, (ii) that Batia's only US offices were in Santa Monica, California, (iii) offering to voluntarily transfer to the Central District of California, and (iv) offering to submit a declaration setting forth the reasons venue was improper.

5.      DIS responded by sending an irrelevant standing order from the Honorable Judge Alan Alright.  The order did not govern the issue and the case was not before Judge Albright.

6.     On March 23, 2023, Batia filed a motion to dismiss for improper venue.

7.     Upon reading Batia's motion, the Honorable Judge Lee Yeakel stayed the case excepting motion practice on the venue issue.

8.     On April 7, 2023, DIS—unannounced—dismissed the WDTX matter.

9.     It appears that DIS dismissed the WDTX action to avoid transfer to the Central District of California ("CDCA").

10.     Because Batia does not infringe any of the Patents-in-Suit, Batia thought the matter resolved.

11.     But, on April 11, 2023, DIS reached out to Batia to state: "While we are in the process of deciding venue to refile DIS' complaint, we wanted to reach out to determine if there is any interest in initiating settlement discussions."

12.     Because the only proper venue location is CDCA, Batia became concerned that DIS would—again—file a complaint in an improper venue to unfairly increase costs and settlement leverage.

13.     And because the only proper venue location is CDCA, Batia became concerned that DIS was trying to avoid LR 7.1-1 and thereby keeping secret all parties with a financial interest in the Patents-in-Suit.

14.     DIS purported attempts to secret the persons with a financial interest in the Patents-in-Suit is particularly concerning given facts that suggest the background narrative provided in DIS' WDTX complaint is not accurate.

15.     For example, at ¶ 13 of that complaint, DIS says its website was isavailable.com, but in 2011, that website was not associated with DIS, it sold medical tests.[1]

16.     Batia has been unable to locate any website associated with DIS.

17.     And online information about at least one of the named inventors does not mention any association with DIS.[2]

18.     Further, the Patents-in-Suit, which were filed in 2022, purport to claim priority to a provisional application filed on October 17, 2011.   They list John Patrick Francis Dandison and Paul Joseph Lyman Schottland as named inventors, *inter alia*.

19.     Mr. Dandison is currently a "Principal Program Manager, Identity at Microsoft," and Mr. Schottland has "worked for over a decade at Microsoft."  DIS

---

[1] https://web.archive.org/web/20111006145124/http://isavailable.com/
[2] https://www.signalhire.com/profiles/paul-schottland%27s-email/21671896

BATIA INFOTECH'S COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY - 4

WDTX complaint, ¶¶ 18-19. Thus, at least one named inventor was employed by Microsoft during the relevant time period.

20. It appears that Microsoft's standard employment agreement requires an employee to transfer to Microsoft any intellectual property that was developed or prosecuted during their employment period at Microsoft. *See Khalid v. Microsoft Corp.,* No. 80508-8-I, 2020 Wash. App. LEXIS 2669, at *3 (Ct. App. Oct. 12, 2020) ("Subject to the NOTICE below, I agree to grant and I hereby grant, transfer and assign to MICROSOFT or its designee all my rights, title and interest in and to such Inventions.")

21. Such invention assignment agreements constitute an express assignment of rights in future inventions to the employer. *See DDB Techs., L.L.C. v. MLB Advanced Media, L.P.*, 517 F.3d 1284, 1290 (Fed. Cir. 2008).

22. If Microsoft is a co-owner of the Patents-in-Suit, DIS lacks standing to assert the Patents-in-Suit.

23. It is likely a proper LR 7.1-1 disclosure would shed light on the issue.

24. Thus, Batia files this declaratory action in the only proper venue, the Central District of California.

**THE PARTIES**

25.     Batia is a California corporation. Batia is headquartered in Santa Monica, California, with a principal place of business at 3101 Ocean Park Blvd Ste 100 PMB 187, Santa Monica, California 90405.

26.     DIS alleges that it is a Delaware corporation with a place of business at 6778 Rattle Run Rd., St. Clair, MI.

**JURISDICTION AND VENUE**

27.     This is a civil action regarding allegations of patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, in which Batia seeks declaratory relief under the Declaratory Judgment Act. DIS has sued Batia, which resides in CDCA, and has served Batia in CDCA.

28.     DIS has initiated settlement conversations with Batia in CDCA and DIS has engaged in extensive discussions with Batia about venue, corresponding with Batia in CDCA.

29.     DIS has sued Batia for patent infringement, dismissed its suit without prejudice, and informed Batia, in CDCA, that it intends to sue Batia again imminently.

30.     Thus, a substantial controversy exists between Batia and DIS that is of sufficient immediacy and reality to empower the Court to issue a declaratory

judgment. The Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338, and under 28 U.S.C. §§ 2201 and 2202.

31.　　This Court has personal jurisdiction over DIS given that it has sued a CDCA corporation, and engaged in extensive discussion directly relevant to this matter with Batia, in CDCA.

32.　　Venue is proper in this court under 28 U.S.C. § 1391(b)(2)-(3) because DIS accuses Batia of committing infringement for "use" of the Patents-in-Suit, which would necessarily occur in this District, or because DIS is subject to personal jurisdiction in this District.

## BATIA DOES NOT INFRINGE THE PATENTS-IN-SUIT

33.　　In its WDTX complaint, DIS Plaintiff asserted four related patents, *supra*.

34.　　The '466 patent, '597 patent, and '787 patent all claim priority back to the '183 patent, and all four of the patents have virtually identical specifications. Thus, all citations to the patent specification will be to the specification of the '183 patent.

35.　　The Patents-In-Suit are directed toward systems and methods for real time communication.  As the patents explain, "Real-time communication (RTC) is the generalized term for multiple systems which allow real time, or near real-time

exchange of information over various protocols." '183, 1:26-28.

36.     According to the Patents-in-Suit, "The most common categories of RTC include instant messaging and text messaging. Electronic mail can be used for RTC as well, though it is slightly slower than the other media of RTC. The critical element of RTC comes in the nearly instant exchange of information using internet or telecommunications protocols." *Id.*, at 1:28-34.

37.     Each of the asserted claims of the Patents-in-Suit claim "an electronic processor" with certain capabilities. *See, e.g., id.*, at 13:4.

38.     The specifications for the Patents-in-Suit do not explain what is meant by "electronic processor" in the claims.

39.     The IBM Dictionary of Computing defines processor as "(1) in a computer, a functional unit that interprets and executes instructions".

40.     Batia does not make, use, or sell electronic processors.

41.     The asserted claims are each incredibly narrow.

42.     Batia's accused ProProfs Chat does not follow the claimed operations.

**FIRST CAUSE OF ACTION—DECLARATION OF NON-INFRINGEMENT**

**(U.S. Patent No. 11,240,183)**

43.     Paragraphs Nos. 1-42, *supra*, are incorporated as if fully stated herein.

44.     Batia's accused ProProf's Chat product does not infringe the claims of

the '183 patent.

45.    By way of example, in WDTX, DIS asserted Claim 1.

46.    Claim 1 requires that the electronic processor be configured to

- end the conversation with the first responder;

- identify, based on the first communication, a second responder, wherein the second responder is different from the first responder;

- send the first communication to the second responder based on the communication address of the second responder.

47.    ProProfs does not make, use, or sell electronic processors.

48.    DIS presents no evidence of any electronic processor configured to perform these operations, *inter alia*, including limitations not met in discussions of the other Patents-in-Suit.

## SECOND CAUSE OF ACTION—

## DECLARATION OF NON-INFRINGEMENT

## (U.S. Patent No. 11,336,597)

49.    Paragraphs Nos. 1-48, *supra*, are incorporated as if fully stated herein.

50.    Batia's accused ProProf's Chat product does not infringe the claims of the '597 patent.

51.    By way of example, in WDTX, DIS asserted Claim 1.

52.    Claim 1 requires that the electronic processor be configured to:

- receive a first communication as part of the conversation from the unauthenticated user of the web browser;

- determine a conversation identifier for the conversation based on the first communication;

- identify, based on the first communication, a second responder, wherein the second responder is different from the first responder;

- determine a communication protocol of the second responder;

- send the first communication to the second responder based on the communication protocol of the second responder;

53.    ProProfs does not make, use, or sell electronic processors.

54.    DIS presents no evidence of any electronic processor configured to perform these operations, *inter alia*, including limitations not met in discussions of the other Patents-in-Suit.

### THIRD CAUSE OF ACTION—

### DECLARATION OF NON-INFRINGEMENT

### (U.S. Patent No. 11,349,787)

55.    Paragraphs Nos. 1-54, *supra*, are incorporated as if fully stated herein.

56.    Batia's accused ProProf's Chat product does not infringe the claims of

the '787 patent.

57.     By way of example, in WDTX, DIS asserted Claim 1.

58.     Claim 1 requires that the electronic processor be configured to:

- store, in a persistent data store, a first association between the request for information and the conversation identifier;

- store, in the persistent data store, a second association between the first communication and the conversation identifier;

- receive a request from the web browser for the conversation;

- determine, based on the request for the conversation, the conversation identifier associated with conversation;

- retrieve, from the persistent data store, the request for information and the first communication using the conversation identifier;

59.     ProProfs does not make, use, or sell electronic processors.

60.     DIS presents no evidence of any electronic processor configured to perform these operations, *inter alia*, including limitations not met in discussions of the other Patents-in-Suit.

## FOURTH CAUSE OF ACTION—

## DECLARATION OF NON-INFRINGEMENT

## (U.S. Patent No. 11,418,466)

61.    Paragraphs Nos. 1-60, *supra*, are incorporated as if fully stated herein.

62.    Batia's accused ProProf's Chat product does not infringe the claims of the '466 patent.

63.    By way of example, in WDTX, DIS asserted Claim 1.

64.    Claim 1 requires that the electronic processor be configured to:

- determine a second active communication protocol for the second user, wherein the second active communication protocol is different from the first active communication protocol;

- send, via the second active communication protocol, the second communication to a device of the second user;

65.    ProProfs does not make, use, or sell electronic processors.

66.    DIS presents no evidence of any electronic processor configured to perform these operations, *inter alia*, including limitations not met in discussions of the other Patents-in-Suit.

## FIFTH CAUSE OF ACTION—

## DECLARATION OF INVALIDITY

### (All Patents-in-Suit)

67.    Paragraphs Nos. 1-66, *supra*, are incorporated as if fully stated herein.

68.    A single claim covering both an apparatus and a method of use of that

apparatus is invalid. *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377 (Fed. Cir. 2005).

69.     Each of the asserted claims of the Patents-in-Suit are invalid as they purport to cover system claims but actually cover systems and methods, rendering those claims invalid.

## SIXTH CAUSE OF ACTION—
## DECLARATION OF INVALIDITY
### (All Patents-in-Suit)

70.     Paragraphs Nos. 1-67, *supra*, are incorporated as if fully stated herein.

71.     The claims of the Patents-in-Suit are invalid as not patent eligible pursuant to 35 US.C. § 101 for the reasons stated in LiveAdmin's motion to dismiss, Case No. 1:22-cv-06539, Dkt. No. 33, attached and incorporated by reference herein.

## RELIEF REQUESTED

(1) An order declaring the Patents-in-Suit invalid and not infringed

(2) An award of fees and costs.

### *Jury Trial Demanded*

Respectfully submitted,


*Rachael D. Lamkin*
Rachael D. Lamkin
Counsel for DJ Plaintiff Batia